UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEXTER WILSON,** | } | |
| | } | |
| Petitioner, | } | |
| | } | |
| v. | } | Case No.: 2:17-cv-08018-RDP |
| | } | (2:11-cr-00040-JHH-JHE) |
| UNITED STATES OF AMERICA, | } | |
| | } | |
| Respondent. | } | |

## MEMORANDUM OPINION

This case is before the court on Petitioner Dexter Wilson's Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. # 1). Petitioner is currently serving a 180-month sentence, running concurrently, in the Yazoo Federal Correctional Complex. (Doc. # 1 at 1). On April 12, 2011, a jury found Dexter Wilson ("Petitioner") guilty of being (1) a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One); and (2) a felon in possession of ammunition in violation of § 922(g)(1) (Count Two). (Doc. # 33; 2:11-cr-00040). Petitioner was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because he had two prior serious drug offense convictions (*i.e.*, two counts of unlawful distribution of a controlled substance) and one prior conviction for a violent felony (*i.e.*, third degree robbery).[1] (Doc. # 5 at 2; Doc. # 36 at 9; 2:11-cr-00040). Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years if he has three prior

---

[1] Petitioner was also sentenced as an armed career criminal pursuant to the United States Sentencing Guidelines ("U.S.S.G") § 4B1.1, which states: "[A] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." (Doc. # 36 at 8; 2:11-cr-00040).

1

convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1); *United States v. Fritts*, 841 F.3d 937, 938 (11th Cir. 2016); *In re Rogers*, 825 F.3d 1335, 1337 (11th Cir. 2016) (citation omitted).

On April 20, 2017, Petitioner filed this motion under 28 U.S.C. § 2255, claiming that, in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015),[2] his sentence should be vacated because the government failed to prove that third degree robbery under Alabama law qualifies as a violent crime under the elements clause of § 924(e)(1). (Doc. # 1 at 7).

The Government argues that Petitioner's Motion should be denied for two reasons: (1) Petitioner's Motion does not satisfy the requirements of § 2255(h) and 28 U.S.C. § 2244(b)(3)(A) because he has failed to establish that he was convicted under the residual clause of the ACCA; and (2) Petitioner's claim is meritless because the underlying conviction of Alabama third degree robbery qualifies as a violent felony under the ACCA's "elements" clause. (Doc. # 5 at 3, 6). The court addresses each argument, in turn, and concludes that Petitioner's Motion (*see* Doc. # 1) is indeed due to be denied.

**1. Petitioner's Second or Successive § 2255 Motion Is Improper**

On October 2, 2015, Petitioner filed a motion to reduce his sentence in light of the Supreme Court's holding in *Johnson*. (Doc. # 42; 2:11-cr-00040). On July 27, 2016, the Eleventh Circuit granted Petitioner's application requesting the district court to consider a second or successive § 2255 motion pursuant to *Johnson*. (Doc. # 48; 2:11-cr-00040). The Eleventh Circuit held that Petitioner made a prima facie showing that his application satisfied the requirements set out under

---

[2] *Johnson* was made retroactive on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

§ 2255(h)[3] and § 2244(b)(3)(A).[4] (*Id.* at 1). Specifically, the Eleventh Circuit concluded:

> The district court enhanced [Petitioner's] sentence under the [ACCA] based on two prior convictions in the Alabama courts: unlawful distribution of a controlled substance and third degree robbery. Based on [*In re Rogers*, No. 16-12626-J, 2016 WL 3362057 (11th Cir. June 17, 2016), Petitioner] has established that the district court may have classified the robbery conviction as a violent crime based on the [now-unconstitutional] residual clause in the [ACCA].

(*Id.* at 3). However, the Eleventh Circuit's decision is only "a limited determination," *see In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013, and the district court is now tasked with "deciding the § 2255(h) issue[] . . . de novo." *Id.* (quoting *Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1358 (11th Cir. 2007)). Thus, reviewing Petitioner's § 2255 claim de novo, the court concludes that Petitioner has failed to establish that he is entitled to relief under *Johnson*.

Section 924(e)(2)(B) defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). Subsection (i) is known as the "elements" clause, and subsection (ii) has two subparts: the "enumerated offenses" clause and the "residual" clause. The Supreme Court in *Johnson* held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii) (the second part of subsection two beginning with the words "or otherwise involves"), is unconstitutional under the void-for-vagueness doctrine. *Johnson*, 135 S.

---

[3] The requirements under § 2255(h) mandate that a petitioner show that (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

[4] Under § 2244(b)(3)(A), a "court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(A).

Ct. at 2563. Here, Petitioner urges that he was sentenced under the residual clause of § 924(e)(2)(B). But, his argument holds no water.

Under Eleventh Circuit precedent, a § 2255 movant "bears the burden [of proving] the claims in his § 2255 motion." *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017) (citations omitted). In order for Petitioner to prove his *Johnson* claim:

> [He] must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence. If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause.

*Id.* at 1222. Here, the court concludes that Petitioner has failed to show that it is more likely than not that the district court sentenced Petitioner under the ACCA's residual clause. As the Government observed, nowhere in the pre-sentence investigative report ("PSR") does it indicate that Petitioner was sentenced under the residual clause. Rather, the PSR shows that Petitioner's third degree robbery conviction was counted as a qualifying predicate offense under the ACCA because third degree robbery is a violent felony; that is, it "has [as] an element the use, attempted use, or threatened use of physical force against the person of another." (Doc. # 36; 2:11-cr-00040 (citing 18 U.S.C. § 924(e)(2)(B)(i)—the "elements" clause)). Indeed, "general observations . . . are not enough [for Petitioner] to carry his burden of establishing that he, in fact, was sentenced as an armed career criminal here solely because of the residual clause." *Beeman*, 871 F.3d at 1224.

Therefore, because the PSR cites the "elements" clause and nowhere mentions the residual clause, Petitioner has failed to prove his *Johnson* claim.

### 2. Petitioner's § 2255 Claim is Without Merit

Had Petitioner filed a procedurally proper motion (and, to be sure, he has not), his § 2255 Motion would still be denied because third degree robbery under Alabama law qualifies as a

4

violent felony under the ACCA's "elements" clause. *See* 28 U.S.C. § 924(e)(2)(B)(i). In analyzing whether Petitioner's Alabama third degree robbery conviction qualifies as a "violent felony" (under § 924(e)(2)(B)) or "crime of violence" (under U.S.S.G. § 4B1.2),[5] the court employs the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

Under Alabama law, a person commits the crime of robbery in the third degree if, while in the course of committing a theft, he:

(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or

(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.

Ala. Code § 13A-8-43(a). Because robbery is not listed in the "enumerated offenses clause" under § 924(e)(2)(B)(ii), in order for Alabama third degree robbery to qualify as an ACCA "violent felony," it must meet the standard set forth in § 924(e)(2)(B)(i)—the "elements" clause. That is, such a conviction must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Petitioner argues that third degree robbery does not qualify under the elements clause because during the commission of the crime at issue, he did not cause physical force or intend to cause physical force. (Doc. # 1-1 at 2). The key phrase in the analysis, then, is "physical force," and the pertinent question is whether Alabama's third degree robbery statute criminalizes conduct that meets the relevant standard.

With respect to a determination of what conduct constitutes "physical force" under the ACCA, the Supreme Court has previously stated: "We think it clear in the context of a statutory

---

[5] Under U.S.S.G. § 4B1.2(a), a "crime of violence" is an offense punishable by imprisonment for a term exceeding one year that: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) . . . ."

5

definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010).

Two Eleventh Circuit decisions—*United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011) and *United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016)—are instructive here. *Lockley* concerns Florida's robbery statute, which is similar to Alabama's statute in terms of the amount of force required to commit the offense of robbery. For instance, Florida robbery involves:

> The taking of money or other property which may be the subject of larceny from the person or custody of another, with the intent to either permanently or temporarily deprive the person or the owner of the money or other property, which in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1). Notably, the taking "must be by the use of force or violence or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so that the victim does not resist." Fla. Std. Jury Inst. (Crim.) 15.1. In determining that § 812.13(1) satisfied the elements clause of U.S.S.G. § 4B1.2(a)—which our circuit has noted is "virtually identical" to the elements clause in § 924(e)(2)(B)[6]—the Eleventh Circuit reasoned that "[a]ll but the latter option [(*i.e.*, "putting in fear")] specifically require the use or threatened use of physical force against the person of another." *Lockley*, 632 F.3d at 1245.

Similarly, the *Fritts* court relied on *Lockley*'s reasoning in affirming a holding that commission of armed robbery under Florida law is a violent felony under the ACCA. *Fritts*, 841 F.3d at 942. Given that *Lockley* determined that Florida robbery categorically satisfied the elements clause of the Sentencing Guidelines, the *Fritts* court stated "[a]s an alternate and independent ground, we hold here that under *Lockley* alone a Florida armed robbery conviction

---

[6] *See United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008); *see also United States v. Alexander*, 609 F.3d 1250 (11th Cir. 2010).

6

under § 812.13(a) categorically qualifies as a violent felony under the ACCA's elements clause." *Id.* In *Fritts*, our circuit also noted that there are Florida Supreme Court decisions that (1) "stress[] that robbery requires 'more than the force necessary to remove the property' and in fact requires both 'resistance by the victim' and 'physical force by the offender' that overcomes that resistance," and (2) have "held that 'the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance.'" *Id.* at 943. These decisions were instructive in the *Fritts* panel's determination that Florida robbery (and thus, Florida armed robbery) meets the *Curtis Johnson* standard. *Id.* at 943-44.

Turning to Petitioner's claim here, the court concludes that Alabama robbery, like Florida robbery, qualifies as "violent felony" under the ACCA's elements clause. This is because Alabama robbery "specifically require[s] the use or threatened use of physical force against the person of another." *Lockley*, 632 F.3d at 1245.

And, to the extent that the court is obligated to look beyond the statutory text and examine Alabama Court of Criminal Appeals decisions in order to engage in the categorical analysis, that would not change the analysis.[7] Under Alabama law, "[t]he use of force in taking the property of another implies personal violence." *Casher v. State*, 469 So. 2d 679, 680 (Ala. Crim. App. 1985). This is because an offender in Alabama must use, or threaten to use, sufficient force to overcome the victim's physical resistance in order to be convicted of third-degree robbery. *Id.* at 680-81. Because an offender is required to use enough force to overcome the victim's physical resistance, Alabama robbery is a "violent felony" under the ACCA for the same reason that Florida robbery is a crime of violence under *Lockley*.

---

[7] The Eleventh Circuit has established that federal courts may properly analyze relevant state court decisions in performing categorical and modified categorical analyses. *United States v. Gundy*, 842 F.3d 1156, 1163 (11th Cir. 2016); *Gudmalin v. U.S. Atty. Gen.*, 479 F. App'x 922, 925 (11th Cir. 2012).

7

Finally, in addition to arguing that his Alabama third degree robbery conviction is not a "crime of violence" pursuant to the ACCA, Petitioner also argues that it does not qualify as a violent felony under the Sentencing Guidelines. However, as noted above, the elements clause of § 4B1.2(a) employs language virtually identical to that which defines "violent felony" in § 924(e)(2)(B)(i). The court concludes that Petitioner's conviction for Alabama third degree robbery qualifies as a violent felony under the ACCA's elements clause. *See e.g.*, *United States v. Romo-Villalobos*, 674 F.3d 1246, 1248 (11th Cir. 2012) (noting the similarities between the analyses under the elements clause of the ACCA and the elements clause of § 4B1.2(a), and finding the two comparable); *United States v. Razz*, 2017 WL 631655, at *3 n.1 (11th Cir. Feb. 16, 2017) (finding that *Lockley* controlled in an ACCA case, because the elements clause in § 4B1.2(a) was identical to the ACCA's elements clause).

### 3. Conclusion

For the reasons stated above, Petitioner's Motion (Doc.# 1) is due to be denied.

**DONE** and **ORDERED** this February 19, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE